UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| QUINCY BROWN #447101 | CIVIL ACTION |
| VERSUS | NO. 08-4395 |
| BURL CAIN, WARDEN | SECTION: "N" (6) |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the petition filed as well as the unopposed motion to stay and abate federal proceedings, **IT IS RECOMMENDED** that these proceedings be **STAYED**.

Petitioner, Quincy Brown, is a state prisoner incarcerated at the Louisiana State Penitentiary, in Angola, Louisiana. He was charged by bill of information with two counts of attempted first-degree murder, one count of armed robbery, and one count of simple robbery. After the State entered a *nolle prosequi* on one of the attempted murder counts, Brown pled guilty to the simple robbery count and proceeded to trial on the armed robbery count and on the remaining count of attempted first-degree murder. On October 3, 2001, the jury acquitted Brown of the attempted first-degree murder count and convicted him of one count of armed robbery, a violation of La. Rev.

Stat. Ann. § 14:64.[1] Brown was originally sentenced as a second felony offender to a term of 198 years. Brown's conviction was affirmed by the Louisiana Fourth Circuit on May 28, 2003, *State v. Brown*, 853 So.2d 8 (La. App. 4th Cir. 2003) with that court remanding the matter for re-sentencing. The State appealed the re-sentencing claim to the Louisiana Supreme Court and the Louisiana Supreme Court affirmed Brown's conviction, and remanded the case to the trial court for re-sentencing on July 6, 2004. *State v. Brown*, 879 So.2d 1276 (La. 2004). Brown was re-sentenced on October 12, 2004 and is currently in the custody of the Louisiana Department of Corrections for a term of 99 years imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence for his one count of armed robbery. It is only his criminal conviction for armed robbery which he is currently challenging before this court.[2]

According to Brown's federal application, which was filed in this court on September 15th, 2008, Brown began state post-conviction proceedings in October of 2005 and currently has an application for supervisory writs pending before the Louisiana Supreme Court relative to his post-conviction claims.[3] The Louisiana Supreme Court has yet to rule on Brown's application.

---

[1] The procedural facts are taken from the Louisiana Supreme Court's opinion in *State v. Brown*, 879 So.2d 1276 (La. 2004) and from Quincy Brown's federal petition. The state record was not requested nor was a response to the petition ordered of the District Attorney's office for Orleans Parish.

[2] See Federal petition at p. 6, footnote 1.

[3] Brown reports that his state post-conviction application contains 16 claims for relief, some of which are also presented in his federal petition filed pursuant to 28 U.S.C. Section 2254. His federal petition contains 12 claims for relief.

Along with his federal habeas petition, Brown has simultaneously filed a pleading entitled, "Petitioner's Unopposed Motion to Stay and Abate Federal Proceedings to Allow Exhaustion in State Court". Therein, Brown, through counsel, indicates that he has filed his federal petition prior to completing the exhaustion process in the state courts because, "[U]nless Petitioner files at this time, Petitioner will be left with one day or hours to file [his federal petition] or be procedurally barred." In order to protect Brown's right to federal habeas review, his counsel has filed the motion to stay and abate the federal proceedings, which is unopposed by the state.[4]

## Exhaustion

Before seeking a federal writ of *habeas corpus*, a state prisoner must first exhaust his available state remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Petitioner's application and motion for stay make clear that not all of the claims raised by petitioner in his federal petition have been exhausted in the state courts. Therefore, petitioner's federal application is a "mixed petition" containing both exhausted and unexhausted claims. Such mixed petitions should normally be dismissed without prejudice. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998).

---

[4]The court contacted the Orleans Parish District Attorney's office and confirmed, with Attorney Seth Shute, that there is no opposition to the motion for stay.

In this case, however, petitioner explains that his mixed petition was filed as a "protective petition" to avoid any potential problem with the federal statute of limitations.[5] The United States Supreme Court has expressly sanctioned the use of such protective petitions. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). When such a petition is filed, the district court generally should not dismiss the mixed petition but instead should "stay and abey the federal habeas proceedings until state remedies are exhausted." *Id.*; *see also Rhines v. Weber*, 544 U.S. 269 (2005). Additionally, the State does not opposed the motion.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that these proceedings be **STAYED** and that the Clerk of Court mark this action **CLOSED** for statistical purposes. **IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner be allowed to file a motion to reopen these proceedings within thirty (30) days after the Louisiana Supreme Court issues its ruling on his pending writ application.[6]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[5] Petitioner's Unopposed Motion to Stay and Abate Federal Proceedings at pp. 1-2.

[6] Since no state record is currently presented for review, the court makes no ruling on whether Brown is timely filed in this court. Accordingly, the granting of the motion for stay does not bar the State from raising any defense which it may have as of the date of the filing of this federal petition, i.e., on September 15th, 2008.

court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_18th\_\_\_ day of September, 2008.

LOUIS MOORE, JR.
**UNITED STATES MAGISTRATE JUDGE**

- 5 -